THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JULIO OLMO, Defendant and Appellant.

No. CR-62-404.          Decided September 30, 1963.

*A. Viera Martínez* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Nilita Vientós, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: The appellant while operating a heavy motor vehicle ran over a human being causing his death. The evidence of The People establishes that the day in which the accident occurred the defendant had been drinking beer.

He drank several between ten thirty in the morning and two thirty in the afternoon. The accident occurred about three o'clock. A witness testified "I could notice that he was moving from side to side, stumbling, then he got on the truck as he could, started the truck and a bit ahead he applied the brakes suddenly, without any need to do so, and thereafter he stopped and kept on going his way again." This happened at eleven thirty in the morning. At two thirty, that same witness testified, the defendant went back to the cafetín to drink beer and then "he did the same stunt, that from what we saw he was almost falling and could not get on the truck and again he started violently forward, and the rear wheel zigzagged and he again started at a tremendous speed." This happened ten minutes before the accident. Another witness stated that he saw him "speeding" before colliding against a tree. When he hit against the tree he kept on zigzagging forward and there he ran over the victim.

Having been found guilty by a jury he was sentenced to two years in jail. He appeals and in support of his petition he alleges, among other grounds, that the facts set forth do not constitute the offense of involuntary manslaughter.

■ 1. The information filed against the appellant charged that "he unlawfully, while driving a motor vehicle . . . without due caution, care and circumspection, operating it while intoxicated and at an excessive speed, without obeying the traffic laws, zigzagging upon the highway without taking into account the pedestrians who were walking thereon. . . . did so with such negligence and carelessness that he ran over Marcelo García Cardona, a human being, producing bruises and wounds which caused his death."

■ The evidence presented supports the information. The defendant began to drink beer at ten thirty in the morning. About two thirty or ten minutes before the accident he

got on the truck, evidently intoxicated. "He started at a tremendous speed" and while approaching the tree against which he collided before running over the victim, a witness stated that he saw him "speeding". Our ruling in *People* v. *López*, 77 P.R.R. 573 (1954), is entirely applicable: "Where a legal act of those potentialities is unlawfully performed, or without taking the precautions which, in view of the hazardous character of the act, are expected of a person of ordinary prudence, and as a consequence thereof death ensues, the wrongdoer commits involuntary manslaughter." And this same case maintains that the offense is committed "if it is shown that it was illegal or negligent to drive the vehicle at such speed, and that due to that speed manslaughter resulted."

■ 2. The appellant maintains that he cannot be held responsible for the death, "because at that moment he did not have control of the vehicle because he was unconscious from the injuries suffered shortly before." The assignment is frivolous. The defendant cannot separate each one of the acts which intervened in the unfortunate accident. He collided against the tree because he was driving the truck at an excessive speed, intoxicated, zigzagging, and without taking into account the conditions of the place. The whole occurrence was part of a single transaction.

■ 3. The appellant maintains that the trial court erred in not giving specific instructions on the unfortunate accident. The judge explained to the jury which was the theory of the defense; that he had met another truck coming in the opposite direction; that the two trucks hardly fitted onto the highway; that the truck skidded on the fine gravel which was on the edge; that in colliding with the tree he became unconscious. The judge instructed the jury in the sense that the manslaughter could be justified whether committed casually as the result of an unfortunate accident,

whether the persons committed the act or incurred the omission as an effect of some misfortune or incidence, whether it is established that there was no intention or harmful purpose nor culpable negligence. This instruction was sufficient taken together with the others which the judge gave while instructing on the verdict which the jury could return.

■ 4. The fourth assignment reads as follows: "The trial court committed error in admitting evidence of alcoholic beverages supposedly drank by the defendant two hours or more before the accident, especially when the blood sample could not be analyzed because of fault on the part of the State and in admitting evidence of defendant's condition more than an hour before the accident."

The evidence as we have set forth establishes that he began to drink beer from ten thirty in the morning of the day in which the accident occurred and that he was seen drinking half an hour before the accident. This evidence was admissible to reveal the intoxicated condition in which the defendant was when he got on his truck ten minutes before the accident.

■ 5. The appellant challenges the instructions on speed. Although it is true that the judge referred in the instructions to the speed which the law establishes for districts and places which were not applicable to the case on trial, it could not have affected him. He also complains that the judge stated that "I shall instruct you that in any way the excessive speed alone cannot warrant a verdict of conviction," but that then he instructed them in the sense that "I shall instruct you that in a prosecution of involuntary manslaughter perpetrated by means of a motor vehicle the excessive speed requires by itself (sic), and may serve as the basis for a verdict of conviction, if it is shown that the defendant acted unlawfully and negligently in driving a vehicle at such speed as a result of which manslaughter was

committed." He maintains that they are contradictory. The second instruction enhances the first one. This is the explanation of the act as stated in *People* v. *López, supra.*

■ 6. In instructing the jury the judge stated that "any person operating a motor vehicle while intoxicated shall be guilty of a misdemeanor and that any person operating a motor vehicle and causing personal injuries shall be guilty of a misdemeanor." The appellant admits that the foregoing is correct but that dealing with an alleged involuntary manslaughter in which the intoxication is a mere act of negligence, the jury should not have been instructed to the effect that driving an automobile while intoxicated is a crime. The error assigned was not committed. The judge gave the instructions correctly. The defendant cannot complain if the judge informs the jury that that fact constitutes a crime, if there is evidence to prove that he was driving under the effects of intoxicating beverages. It is one of the factors that the jury should consider.

7–8–9. The remaining errors do not merit consideration.

■ Three additional errors are assigned: (a) Not giving some instructions requested. They are merely copied, but are not argued. It does not deserve to be considered: (b) dismissing a motion which he entitled "Arrest of Judgment." By disposing of the first error we dispose of this one, and (c) the evidence is not sufficient to establish the guilt of the defendant beyond a reasonable doubt. The evidence presented by the State, which was believed, establishes beyond any doubt the guilt of the defendant.

The judgment rendered by the Superior Court, San Juan Part, on May 15, 1959, will be affirmed.